

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA DEANE | : CIVIL ACTION |
| v. | : |
| TRUMP PLAZA | : NO. 2:08-cv-02747 |

ORDER

AND NOW, this 26th day of January 2009, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 16), Plaintiff's Response thereto (Doc. No. 18), and Defendant's Reply (Doc. No. 21), it is hereby ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Victoria Deane commenced this action against Defendant Trump Plaza to recover for injuries she sustained while she was a guest at a hotel and casino owned by Defendant. (Compl. ¶¶ 4-6.) According to Plaintiff, she was injured when she tripped over a metal strip while walking from her hotel room to the elevator. (Compl. ¶ 6; Victoria Deane Dep. 34:9-16, Oct. 14, 2008.) The metal strip, which is called a transition strip, was used to hold down carpet in an area where the surface of the floor changed from carpet to marble. (Clark Hughes Dep. 20:12-18, Oct. 28, 2008.) Plaintiff testified that the portion of the transition strip on which she tripped was raised[1] off the ground about one or two inches. (Deane Dep. 34:19 to

---

[1]   Both Plaintiff and Defendant attached to their memoranda photographs of the metal strip. (Def.'s Mem. Supp. Summ. J. Ex. B; Pl.'s Reply Summ. J. Ex. A.) The photographs were taken by Defendant's employee Edwin Porreca soon after Plaintiff tripped. Although we cannot see the raised portion of the metal strip, Porreca circled a portion of the strip that he identified as being "raised."

1

35:3.) An employee of Defendant subsequently "got down on [his] hands and knees to feel" the raised portion of the transition strip, and he described the raised portion as a "little lump," a "slight buckle," or a "slight arc." (Edwin Porreca Dep. 18:12-21, 22:7-9, Oct. 28, 2008.) After Plaintiff tripped, Plaintiff noticed that other portions of the transition strip were "nailed down," but the portion over which she tripped "didn't have a nail in it." (Deane Dep. 34:12-15.) Further, Plaintiff "didn't see [a nail] around." (Id.) However, Plaintiff does not know, nor can she demonstrate, how long the transition strip was in a raised position. (Id. 42:1-3, 65:5-10; Pl.'s Reply Summ. J. 7.) On December 22, 2008, Defendant filed a motion for summary judgment, and the motion is now ripe for resolution.

II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court shall grant a motion for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial responsibility of identifying the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." El v. SEPTA, 479 F.3d 232, 237 (3d Cir. 2007). However, even if the moving party fulfills this requirement, "the non-moving party can defeat summary judgment if it nonetheless produces or points to evidence in the record that creates a genuine issue of material fact." Id. at 238 (citing Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993)). In evaluating a motion for summary judgment, "the court must neither resolve factual disputes nor make judgments of credibility; instead, all '[i]nferences should be drawn in the light most favorable to the non-moving party.'" Peloro v. U.S., 488 F.3d 163, 173 (3d Cir. 2007) (quoting

Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1362 (3d Cir. 1992)).

III.     DISCUSSION

Business owners owe to invitees a duty to provide a safe environment for doing that which is within the scope of the invitation. Larkin v. Super Fresh Food Mkts., Inc., 291 Fed. Appx. 483, 484 (3d Cir. 2008) (citing Regelski v. F.W. Woolworth Co. of Pa., 225 A.2d 561, 562 (Pa. 1967)); Kempf v. Target Corp., No. 06-1935, 2008 WL 305457, at *2 (D.N.J. Jan. 31, 2008) (citing Hopkins v. Fox & Lazo Realtors, 625 A.2d 1110, 1113 (N.J. 1993)). This duty requires that a business owner, among other things, exercise reasonable care to discover dangerous conditions. Larkin, 291 Fed. Appx. at 484 (quoting Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983)); Kempf, 2008 WL 305457 at *2 (citing O'Shea v. K. Mart Corp., 701 A.2d 475, 476 (N.J. Super. Ct. App. Div. 1997)). Thus, a plaintiff cannot establish liability without evidence that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident. Larkin, 291 Fed. Appx. at 485 (citing Moultrey v. Great A & P Tea Co., 422 A.2d 593, 598 (Pa. Super. Ct. 1980)); Kempf, 2008 WL 305457 at *2 (quoting Nisivoccia v. Glass Gardens, 818 A.2d 314, 316 (N.J. 2003)).

Here, Plaintiff relies only on a theory of constructive notice. (Pl.'s Reply Summ. J. 7.) In order to establish constructive notice, a plaintiff must prove that the condition existed for such a length of time that, in the exercise of reasonable care, the defendant should have known of its presence. Larkin, 291 Fed. Appx. at 485 (citing Moultrey, 422 A.2d at 596); Kempf, 2008 WL 305457 at *2 (citing Parmenter v. Jarvis Drug Store, Inc., 138 A.2d 548, 550 (N.J. Super. Ct. App. Div. 1958)). Although several factors play a role in determining whether a defendant had constructive notice of a dangerous condition, courts commonly treat a plaintiff's failure to

produce evidence of timing as dispositive.[2] Larkin, 291 Fed. Appx. at 485 (listing cases and affirming summary judgment in favor of defendant); Hunt v. May Dep't Stores Co., 2007 WL 957338, at *2 (N.J. Super. Ct. App. Div. Apr. 2, 2007) (affirming summary judgment where plaintiff had not presented proof of how long the condition was present before the accident). Plaintiff, however, admits that she "cannot demonstrate how long the metal in question had been in the bent-over and raised condition it was in when [P]laintiff fell." (Pl.'s Reply Summ. J. 7; see also Deane Dep. 42:1-3, 65:5-10.) Accordingly, summary judgment should be granted in favor of Defendant. See Larkin, 291 Fed. Appx. at 485 (affirming summary judgment where plaintiff explicitly conceded that she did know how long the dangerous condition existed); Porro v. Century III Assocs., 846 A.2d 1282, 1282 (Pa. Super. Ct. 2004) (affirming summary judgment where plaintiff admitted that he did not know how long the dangerous condition existed before he fell).

Despite this concession, and without citing any legal authority, Plaintiff tries to revive her claim by describing the dangerous condition. Plaintiff contends that "a reasonable jury could conclude that [Defendant] had constructive notice that the condition of the floor was dangerous

---

[2] The time elapsing between the origin of the defect and the accident is "[o]ne of the most important factors to be taken into consideration." Craig v. Franklin Mills Assocs., L.P., 555 F. Supp. 2d 547, 550 (E.D. Pa. 2008) (citing Neve v. Insalaco's, 771 A.2d 786, 791 (Pa. Super. Ct. 2001)). Time is the most important factor because "if a hazard only existed for a very short period of time before causing any injury, then the possessor of the land, even 'by the exercise of reasonable care,' would not discover the hazard, and thus would owe no duty to protect invitees from such a hazard." Id. (citing Restatement (Second) of Torts § 343). Other factors include: the number of people using the premises; the frequency of such use; the nature of the defect; its location on the premises; its probable cause; and the opportunity the defendant had to remedy it. Id. (citation omitted). While the evaluation of these factors is normally within the province of the jury, "where the evidence adduced requires the jury to resort to 'conjecture, guess or suspicion,' the determination must be made by the [c]ourt." Id. (citing Lanni v. Pa. R.R. Co., 88 A.2d 887, 889 (Pa. 1952)).

as a result of the presence of the 1-2" raised, bent and buckled condition of the transition strip, especially in light of the missing nails or screws." (Pl.'s Mem. Reply Summ. J. 7.) According to Plaintiff, the "absent nail or screw [in the transition strip] is evidence that the transition strip did not just come away from the floor." (Id. at 8.) However, the mere existence of a condition does not establish constructive notice of the condition. Schwing-Dzuira v. Kohl's Dep't Stores, Inc., 2008 WL 833757, at *2 (N.J. Super. Ct. App. Div. Mar. 31, 2008) (citing Sims v. City of Newark, 581 A.2d 524, 529 (N.J. Super. Ct. L. Div. 1990)); Myers v. Penn Traffic Co., 606 A.2d 926, 929 (Pa. Super. Ct. 1992) (citing Moultrey, 422 A.2d at 596). Thus, we interpret Plaintiff's argument as asserting that the character of the dangerous condition could lead a reasonable juror to conclude that Defendant had constructive notice of the condition. See Brown v. Racquet Club of Bricktown, 471 A.2d 25, 30 (N.J. 1984) ("Whether a reasonable opportunity to discover a defect existed will depend on both the character and the duration of the defect.") (citation omitted); Kujawski v. Wal-Mart Stores, Inc., No. 06-4120, 2007 WL 2791838, at *4 (E.D. Pa. Sept. 25, 2007) ("Courts have considered the physical condition of a hazard as a factor in establishing constructive notice.") (citing Evans v. Canteen Corp., No. 94-2381, 1995 WL 355231, at *2 (E.D. Pa. Jun. 13, 1995)).

  We are not convinced by Plaintiff's argument. The dangerous condition described by Plaintiff in this case is not the sort of defect that necessarily must have developed over a long period of time. The transition strip could have loosened a moment before Plaintiff tripped, giving Defendant no opportunity to find and remedy the dangerous condition. In the absence of evidence of the time elapsing between the origination of the condition and the accident, to conclude that the transition strip was raised long enough that, in the exercise of reasonable care,

Defendant should have known of its presence would require a factfinder to engage in speculation and conjecture. Thus, the character of the transition strip alone cannot, as a matter of law, lead a reasonable juror to conclude that Defendant had constructive notice of the dangerous condition.

Having reviewed the parties' submissions, including depositions and other exhibits, in the light most favorable to Plaintiff, we find that there is no genuine issue with regard to whether Defendant had constructive notice of the raised transition strip prior to Plaintiff's fall. Thus, as a matter of law, Plaintiff cannot establish liability through a notice theory of liability.

## IV.  CONCLUSION

For the above stated reasons, it is hereby ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

BY THE COURT:

Legrome, D. Davis, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA DEANE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRUMP PLAZA | : | NO. 2:08-cv-02747 |

ORDER

AND NOW, this 26th day of January 2009, in accordance with Rule 58 of the Rules of Civil Procedure, it is hereby ORDERED that judgment is entered in favor of Defendant Trump Plaza and against Plaintiff Victoria Deane.

The Clerk of Court is directed to close this matter for statistical purposes.

BY THE COURT:

Legrome D. Davis, J

FILED
JAN 26 2009
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

ENTERED
JAN 27 2009
CLERK OF COURT

2:08-cv-02747-LDD

STEPHEN C. JOSEL
STEPHEN G. JOSEL AND ASSOCIATES
2019 WALNUT STREET
PHILADELPHIA PA 19103

FAX 215-569-9920